IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                                  **Criminal No. 1:22-cr-16-TMB-BWR**

**REMELUS RAMON RANKIN**

**ORDER**

This matter came before the Court on Defendant Remelus Ramon Rankin's [104] Motion to Dismiss his indictments, alleging the Government violated the Speedy Trial Act and his potential constitutional rights. On October 31, 2023, the Court, having considered the pleadings, the record, the oral arguments of counsel, and the relevant legal authority, announced on the record its findings and conclusions on the Motion. This Order does not provide the detail and full analysis that was contained in the oral ruling from the bench.

Rankin was indicted on drug charges on February 17, 2022. After moving to continue the trial date multiple times over the next several months, Rankin filed a *pro se* motion for psychiatric exam. On December 22, 2022, this Court granted Rankin's request for psychiatric examination. After a forensic evaluation, Rankin was determined to be incompetent and treatment to restore competency was recommended. A joint motion for psychiatric treatment was then granted by this Court on April 26, 2023. Rankin was designated to BOP Butner the next day and was placed on a waiting list for treatment. As of October 13, 2023, Rankin was number 35 on the waiting list, up from number 42 on October 3, 2023. Rankin remains in pre-hospitalization custody. On October 2, 2023, Rankin's counsel filed the instant Motion because of the delay awaiting treatment.

At the motion hearing, the Court concluded that 18 U.S.C. Section 3161(h)(4) excludes the time—from the determination that the Rankin was mentally incompetent to stand trial until now—for

the purposes of calculating Rankin's time period under the Speedy Trial Act. Similarly, the Court found no constitutional violations based on the undisputed evidence in the record. But even if there were violations, the Court found that the proper remedy—at least at this point—was for Rankin to be admitted to a facility by a date certain and not dismissal of the superseding indictment. *See United States v. Easterling*, No. 3:16-cr-102-DPJ, 2017 WL 5894223, at *1 (S.D. Miss. Nov. 29, 2017); *United States v. Patterson*, 872 F.3d 426, 433–34 (7th Cir. 2017); *United States v. Romero*, 833 F.3d 1151, 1155-56 (9th Cir. 2016); *United States v. Pendleton*, 665 F. App'x 836, 839 (11th Cir. 2016); and *United States v. Berard*, No. 22-cr-088-01-LM, 2023 WL 3178793, at *4 (D. N.H. May 1, 2023).

IT IS THEREFORE, ORDERED AND ADJUDGED that, for the reasons stated on the record on October 31, 2023, Rankin's [104] Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that, for the reasons stated on the record, the Court ORDERS the Government to admit Rankin to a suitable facility in accordance with the Court's Order granting [78] Motion for Psychiatric Treatment as to Remelus Ramon Rankin by **December 15, 2023**. If the Government cannot or does not do so by that deadline, Rankin may then re-raise his Motion to Dismiss.

THIS, the 1st day of November, 2023.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE