**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL ACTION NO. 1:22-cr-16-TBM-BWR**

**REMELUS RAMON RANKIN**
***a/k/a Boone***

**ORDER**

After Remelus Ramon Rankin was sentenced on December 22, 2025, he appealed his judgment. [194], [196]. That appeal is currently pending before the Fifth Circuit. *United States v. Rankin*, No. 26-60372 (5th Cir. 2026). The Fifth Circuit appointed Rankin's sentencing attorney to represent Rankin on appeal.[1] *Rankin*, No. 26-60372, [5].

Rankin has since filed a Motion for Appointment of Substitute Counsel, Restoration of Appellate Rights, and for Other Appropriate Relief [199], requesting (i) "that new counsel be appointed to investigate the circumstances surrounding the loss of his appellate rights and to pursue all available remedies[,]" (ii) "that the Court grant whatever relief is necessary to restore" Rankin's right to direct appeal, including "vacating . . . the judgment" and (iii) for an evidentiary hearing to determine if Rankin "instructed counsel to appeal." [199], p. 2. Rankin's Motion explains this relief is requested because his counsel at sentencing allegedly failed to file a timely notice of appeal on Rankin's behalf, despite his request that she do so. [199]. The Court grants Rankin's request for substitute counsel.

---

[1] "Counsel appointed under the [CJA] by the district court shall continue to provide representation on appeal unless relieved by court order." JUDICIAL COUNCIL FOR THE FIFTH CIRCUIT, *Plan for Representation on Appeal Under the Criminal Justice Act* § 5.B (June 5, 2025), https://www.lb5.uscourts.gov/cja2/CJADocs/CircuitCJAPlan.pdf.

"[T]he Sixth Amendment guarantees a defendant the right to be represented by [a] . . . qualified attorney." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006) (citation omitted). Although this right extends to indigent defendants in criminal proceedings, such defendants are "not entitled to demand a different appointed counsel in the absence of showing good cause." *United States v. Contreras*, 558 Fed. App'x 400, 401 (5th Cir. 2014). Whether good cause is shown is a matter committed to the district court's sound discretion. *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973). "A court is required to substitute appointed counsel 'only if there is a substantial conflict or problem affecting the ability to represent the defendant,' meaning either 'a conflict of interest' or 'a complete breakdown in communication.'" *United States v. Kasali*, 111 F.4th 637, 643 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1462, 221 L. Ed. 2d 572 (2025) (quoting *United States v. Conlan*, 786 F.3d 380, 391 (5th Cir. 2015)). That analysis is a fact-intensive, case-by-case inquiry. *United States v. Ramos Juarez*, 960 F.3d 709, 711 (5th Cir. 2020).

"One form of good cause . . . is to show that counsel labored under a conflict of interest." *United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007). The Court finds that good cause exists to substitute Rankin's counsel at the district court level, given his allegations that she failed to timely file a notice of appeal on his behalf. Even if these allegations are ultimately shown to be false, they understandably impact counsel's ability to zealously advocate for Rankin, as doing so may effectively force her to argue one way or another as to ineffective assistance. Moreover, Rankin alleges a complete breakdown in communication with his sentencing counsel. [199], p. 2. ("Following sentencing, Defendant received little or no meaningful communication regarding the status of any appeal.").

IT IS THEREFORE ORDERED that Remelus Ramon Rankin's Motion for Appointment of Substitute Counsel, Restoration of Appellate Rights, and for Other Appropriate Relief [199], is granted in part, to the extent he seeks to substitute his counsel at the district court level.

IT IS THEREFORE FURTHER ORDERED that substitute counsel directs the Court, within forty-five (45) days of this Order, on whether the remaining relief requested in Rankin's Motion for Appointment of Substitute Counsel, Restoration of Appellate Rights, and for Other Appropriate Relief [199], is still sought or abandoned.[2] That response should also instruct the Court as to whether substituted counsel believes proceedings in this Court should be stayed, or alternatively, if counsel intends to seek a stay of proceedings before the Fifth Circuit while Ranking's outstanding requested relief is pending before this Court.

This, the 11th day of September, 2026.

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**

[2] Given the tenor of the allegations asserted by Rankin's Motion, the Court is unwilling to recharacterize Rankin's Motion under § 2255 at this time. As the Supreme Court has explained, "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003) (collecting cases). "[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion . . . the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.*, 540 U.S. at 383, 124 S. Ct. at 792. This is because, like "all prisoners, [Rankin] is generally limited to filing one § 2255 petition." *United States v. Benamon*, No. 3:16-CR-40-DPJ-FKB, 2023 WL 3559310, at *2 (S.D. Miss. May 18, 2023). Given the allegations within the materials Rankin submitted, the Court would typically recharacterize the remainder of Rankin's motion as a § 2255 petition after giving the requisite notice and ability for Rankin to respond. *See, e.g., id.* However, the Fifth Circuit has long held that "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988); *see United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991) (holding that the district court correctly dismissed without prejudice the defendant's collateral attack on his conviction pending the outcome of his direct appeal).